LOUIS GOEBBEL, Plaintiff, *v.* ALBERT B. GROSS and Others, Defendants.

City Court of New York, New York County, October 26, 1934.

*Hartman, Sheridan, Tekulsky & Pecora* [*Joab H. Banton* and *Maurice J. Freeman* of counsel], for the plaintiff.

*Pollack, Schachner & Horowitz* [*Benjamin. D. Pollack* of counsel], for the defendants.

RYAN, J. The facts with respect to this suit are fully set forth in the opinion of Mr. Justice NOONAN, of this court, denying plaintiff's motion for summary judgment (*Goebbel* v. *Gross*, 151 Misc. 512). That motion was denied upon the ground that plaintiff has no cause of action. As appears from the opinion, plaintiff sues defendant for an alleged breach of contract to purchase certain shares of stock. Fraud is not alleged. Mr. Justice NOONAN stated *inter alia:* " Plaintiff must fail, however, because he is unable to perform his part of the contract. The shares of stock which he now tenders to the defendants on his demand for the payment of $2,500 are no longer existent. They have been swallowed up in the creation of new stock, entirely different in its makeup from the old. The subject-matter of the contract has been destroyed and this destruction has come about lawfully and in accordance with statutory approval. * * * The tender of the new stock to the defendants in place of the old would be unavailing. The defendants did not contract to purchase the new stock, which are shares of a corporation differently capitalized. * * * Their undertaking was to purchase the old stock, and the plaintiff cannot tender such stock as it originally existed. The plaintiff had his rights and has lost them by his failure to secure an appraisal. He cannot hold the defendants accountable."

In the light of this opinion it is clear that plaintiff's cause of action must fail. Plaintiff tenders no issues of fact whatsoever. True, he asserts that there was no business meeting of the corporation on June 5, 1933, the date on which the vote to change the corporate structure is said to have taken place. This assertion is contrary

to the position taken by plaintiff on the motion made by him for summary judgment, and contrary to the receipt signed by him — Schedule G of the moving papers. Moreover, it is not important for present purposes to consider whether or not the meeting was actually held. The reclassification of the stock was effected a long time ago without protest by the plaintiff. For a long time, that is, since the filing of the appropriate certificate in the office of the Secretary of State and the completion of all other necessary steps, such reclassification has been an accomplished fact, not to be attacked collaterally. If plaintiff would undo the changes effected in the corporate structure, his remedy is not in this action or in this court. Plaintiff also asserts that he never consented to a change in the corporate structure. He advanced the same contention in connection with his motion for summary judgment. But Mr. Justice NOONAN then said: " Whether the plaintiff expressly consented to the authorized changes is not important. That he gave an implied consent must be concluded from his failure to avail himself of the right to an appraisal of his shares of stock given to him by sections 38 and 21 of the Stock Corporation Law." (*Goebbel* v. *Gross, supra*).

Plaintiff next maintains that the contract in suit is ambiguous and, therefore, subject to explanation by parol evidence. He contends that he may show that under the contract the defendants were required to repay to the plaintiff the sum of $2,500 upon the termination of his connection with the corporation; that the contract was not merely for the purchase of plaintiff's shares upon his withdrawal from the corporation. Aside from the fact that this contention is also contrary to the position originally taken by plaintiff upon his motion for summary judgment and contrary as well to the theory of his complaint, which alleges nothing other than a breach by the defendants of their agreement to purchase plaintiff's stock, examination of the contract in question discloses no ambiguity whatsoever.

Paragraph fifth of the contract is the one to be considered in connection with this contention. This paragraph is quoted in the opinion of Mr. Justice NOONAN, who said: " Paragraph fifth of the agreement is the one upon which this controversy hinges. It states as follows: ' Upon the termination of this agreement on December 31, 1932, or at any time prior or subsequent thereto, irrespective of the cause therefor, the parties of the third part [the individual defendants in this action] agree to purchase from the party of the second part [the plaintiff] the said fifteen shares of stock purchased by him at either a minimum price of $2,500, or at the option of the party of the second part [the plaintiff] at the actual book value of

the physical assets of the said corporation at the time of such sale, excluding any value for leases, copyrights, patents or goodwill ' " (*Goebbel* v. *Gross, supra*).

Nor is there any ambiguity in paragraph fourth of the agreement. Plaintiff refers to the phrase " parties of the first part " found in that paragraph. This is obviously, in view of the context, a typographical error, the phrase being intended to read " party of the first part." In any event, an ambiguity in the fourth paragraph, if it existed, could not, in view of the fifth paragraph, have any consequence, so far as the present action is concerned. It may be added that in no event would plaintiff be permitted to show at the trial of the present action that the contract was not one for the purchase of plaintiff's stock by defendants, but rather for the return to the plaintiff of his investment of $2,500 in the corporation, for the reason his action is based solely upon an alleged breach of defendants' agreement to buy his stock.

It is beyond the possibility of dispute that the agreement in question is one of purchase, not repurchase; the defendants agreed to buy of plaintiff stock originally acquired by him, not from the defendants, but from the corporation.

Finally, plaintiff contends that he was originally induced to invest the sum of $2,500 by fraud and that the conduct of the defendants in connection with the reclassification of the stock was also fraudulent. While evidentiary facts in support of this contention are not to be found in the opposing affidavits, they would in no event be admissible here. This is not an action in fraud, but simply one for breach of contract to purchase plaintiff's shares of stock.

Defendants' motion for summary judgment is granted and the complaint dismissed. Let judgment be entered accordingly. Order signed.